UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAY LYONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4976** |
| **UNITED STATES OF AMERICA** | **SECTION "I"(1)** |

### REPORT AND RECOMMENDATION

Petitioner, Jay Lyons, filed a largely incomprehensible pleading which the Clerk of Court construed as an application seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Rec. Doc. 1. On May 16, 2018, the Clerk of Court notified petitioner that he must (1) submit his application on the required form and (2) either pay the required filing fee or submit an application to proceed *in forma pauperis*. The Clerk forwarded him blank habeas and *in forma pauperis* application forms to be completed and returned to the Court within twenty-one days. Rec. Doc. 2. Petitioner did not respond to that notice.

Petitioner's current pleading complies with neither Rule 2(c)-(d) nor Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In light of that fact, as well as the fact that petitioner has failed to correct the defects of his pleading after proper notice, it is appropriate for the Court to dismiss this action without prejudice. See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

### RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Jay Lyons be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twentieth day of June, 2018.

*[signature: Janis Van Meerveld]*

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.